UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 3:08-cv-00048

| | |
|---|---|
| BRIAN GRIFFIN, ) | |
|         Plaintiff, ) | |
| ) | |
| v. ) | **CONSENT PROTECTIVE ORDER** |
| ) | |
| AUTOSPORTS VOLKSWAGEN, INC. ) | |
| d/b/a CAROLINA VOLKSWAGEN, ) | |
|         Defendant. ) | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Pretrial Order and Case Management Plan entered by this Court, and upon agreement of counsel, and deeming it just and proper to do so, it is hereby ORDERED that:

1. This Order governs the handling and disclosure of all materials produced, given, or filed herein by the parties and designated as "CONFIDENTIAL."

2. Definitions.

    a. "Document means all writings, drawings, graphs, charts, recordings, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

    b. "Material" means any document, any answer or any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

    c. "Parties" mean Plaintiff, Brian Griffin, and Defendant, Autosports Volkswagen, Inc. d/b/a Carolina Volkswagen and its supervisors and employees.

3. A party or witness may designate as CONFIDENTIAL INFORMATION any material produced in the course of discovery that contains what the party has a good faith belief is confidential information by writing, typing, or stamping on the face of such material the words

"CONFIDENTIAL", or by otherwise notifying counsel for the parties in writing, and, in the case of deposition transcripts and exhibits, also the court reporter, at the time of the production of the document or within 20 days of receipt of the deposition transcript. In the event CONFIDENTIAL INFORMATION is contained in any written response to a discovery request, in any deposition transcript, or in any exhibit thereto, the confidential portion of such response, transcript, or exhibit shall be separately bound, and the words "CONFIDENTIAL" shall be placed thereon.

4. Counsel for the requesting party may have access to, inspect and copy CONFIDENTIAL MATERIALS sought through legitimate discovery means, and no objection shall be raised to the production of any information or documents, or the answering to any interrogatories or deposition questions, on the grounds that said information, documents or answer are or may be considered confidential by the producing party, *unless* said information was inadvertently produced (see Paragraph 6 below) and/or such information was intended to be confidential when originally disclosed. The production or disclosure of CONFIDENTIAL MATERIALS pursuant to the terms of the Order by the producing party shall not waive or prejudice the right of the producing party to object to the production or admissibility of documents or information on grounds other than confidentiality in this action or on grounds in any other action.

5. The restrictions on disclosure or use of materials designated "CONFIDENTIAL" set forth in this Order shall not apply to any such information to the extent that it:

    a. Was known to the requesting party at the time of its disclosure by the producing party, and can be demonstrated as such; or

b. Is now or later becomes available to the public or the party through means other than disclosure which violates this Order.

6. In the event confidential, proprietary or sensitive materials are inadvertently produced without placing the designation "CONFIDENTIAL" thereon, the party or witness may, subsequent to the production (or subsequent to the 20-day period for designating deposition transcripts), designate the material as CONFIDENTIAL INFORMATION. In such event, the materials shall be treated in accordance with the terms of this Order from the time of the designation.

7. Should a party object to the designation of any material as CONFIDENTIAL INFORMATION, that party shall notify the other party and attempt to resolve the dispute. If the parties fail to resolve the dispute, the party designating the material as "CONFIDENTIAL" shall bear the burden of persuading the Court that the "CONFIDENTIAL" designation is proper. Until the Court enters an order, if any, changing the designation of the material, it shall be treated as confidential as provided in this Order.

8. Except upon further order of the Court, CONFIDENTIAL INFORMATION, and information derived therefrom, shall be disclosed only to the parties; counsel for the parties in this action; their legal assistants and other staff members; officers, managers, or employees of Defendant who provide material assistance in the legal representation of the defendant; a deponent or witness in the action (during a deposition or trial or in preparation therefore), when the confidential materials are materially related to the questions asked to or testimony of such deponent; members of the jury; any court reporter transcribing a deposition or trial; experts consulted or assisting the parties in this action; and the Court and its regularly-employed staff. The parties acknowledge that members of the public who attend a trial of this matter may hear

about some CONFIDENTIAL INFORMATION while the trial is ongoing. However, the CONFIDENTIAL INFORMATION will not be given to the members of the public nor will they have access to it.

9. All CONFIDENTIAL INFORMATION, and information derived therefrom, shall be used solely in the prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose.

10. Prior to making disclosures to experts or any other persons pursuant to Paragraph 8 above, counsel shall inform any persons to whom disclosure is made that CONFIDENTIAL INFORMATION shall be used for the purposes of the prosecution or defense of this petition only, and counsel for the parties shall obtain from such persons a written statement in the form of Exhibit A, annexed hereto, that they have read this Order, agree to be bound by its provisions, and shall comply with its terms and conditions. Counsel shall keep a record of all persons, other than those identified in Paragraph 8 above, to whom disclosures are made and shall retain in their possession, custody, and control all the written statements signed by those persons. All CONFIDENTIAL INFORMATION, and any documents containing information derived therefrom, including copies of such documents, shall be returned to counsel by such persons given access to them as soon as practicable.

11. CONFIDENTIAL INFORMATION, and any documents containing information derived therefrom, filed with the Court shall be filed in sealed containers, containing a general description of the contents, and a statement that "The contents hereof are confidential and may be revealed only by the Court or upon prior written consent of counsel for the party or witness designating the material CONFIDENTIAL INFORMATION." The Clerk of Court shall maintain such sealed containers intact and unopened except as otherwise directed by the Court.

However, such information shall continue to be available to the Court and to such persons as are permitted access to information under Paragraph 8 above.

12. With the exception of materials maintained in sealed records of the Court in accordance with Paragraph 11 above, all CONFIDENTIAL INFORMATION, including documents containing information derived therefrom and copies of such documents, shall be returned to counsel for the party or witnesses producing such information within 60 days after the final disposition of this action, including the conclusion of any and all appeals. Any documents that contain information derived from CONFIDENTIAL INFORMATION, and any copies of such documents, shall be destroyed within 60 days after the final disposition of this action, including the conclusion of any and all appeals.

13. The ultimate disposition of protected materials is subject to a final order of the Court on the completion of litigation.

14. Each person who receives CONFIDENTIAL INFORMATION submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order.

| BROOKS LAW OFFICE | FREEMAN LAW, PLLC |
|---|---|
| BY: /s/ Tamara W. Brooks<br>TAMARA W. BROOKS<br>State Bar No.: 24139<br>Attorneys for Plaintiff<br>5120 Monroe Road<br>Charlotte, NC 28205<br>Telephone: (704) 567-5297 | BY: /s/ Maranda J. Freeman<br>MARANDA J. FREEMAN<br>State Bar No.: 23112<br>Attorneys for Defendant<br>P. O. Box 40915<br>Raleigh, NC 27629-0915<br>Telephone: (919) 255-3503<br>Facsimile: (919) 827-8819 |

**SO ORDERED**.

Signed: September 8, 2008

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge

**EXHIBIT A**

Agreement concerning material covered by a Protective
Order entered in the United States District Court for the
Western District of North Carolina.

      The Undersigned acknowledges that she/he has read the Protective Order entered by the Court dated August ___, 2008, in the civil action entitled *Brian Griffin v. Autosports Volkswagen, Inc. d/b/a Carolina Volkswagen* (Civil Action No. 3:08-cv-00048), understands the terms thereof, and agrees to be bound by such terms. The undersigned hereby acknowledges that she/he is subject to the jurisdiction of the United States District Court for the Western District of North Carolina with regard to this protective order and understands (1) that the violation of the Stipulated Protective Order shall subject the offender to such penalties, damages and other relief as may be permitted by law, and (2) that the jurisdiction of the Court regarding this Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action.

_____        _____
(Date)                                                            (Signature)